## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **MEDIA PARTNERS CORPORATION,** | Civil Action No.  11-698 |
| **Plaintiff,** | |
| **v.** | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| **WINTZELL'S, INC. d/b/a Wintzell's Oyster House,** | |
| **Defendant.** | **JURY TRIAL REQUESTED** |

Plaintiff Media Partners Corporation hereby alleges the following causes of action against Defendant:

### I.  PARTIES

1.      Plaintiff Media Partners Corporation ("Media Partners") is a Washington corporation having a place of business in Seattle, Washington. Media Partners is actively engaged in the production of training videos.

2.      Wintzell's, Inc. ("Wintzell's") is an Alabama corporation having an address at 960 Dauphin Street, Mobile, Alabama 36604. On information and belief, Wintzell's does business as Wintzell's Oyster House, a restaurant chain providing seafood dishes, banquet facilities and catering throughout much of Alabama and part of Florida at twelve owned or franchise store locations.

## II.  Jurisdiction and Venue

3.      This action arises, in part, under the copyright laws of the United States of America: the Copyright Act, 17 U.S.C. § 101 *et seq*. and the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq*. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.

4.      Wintzell's resides or transacts business in the Southern District of Alabama and the willful acts of infringement alleged herein occurred in whole or part in this area. Accordingly, both jurisdiction and venue are proper in this Court. 28 U.S.C. §§ 1391 and 1400.

## III.  Media Partner's Business and Copyrights

5.      Media Partners creates, develops, produces, markets and sells training videos and accompanying materials to a wide range of consumers.

6.      Media Partners is the owner of copyrights for various training videos it has created, including the video product titled *Give 'em the Pickle!* for use with business and customer service training. Media Partners has secured the exclusive rights and privileges in and to the copyright for this video product and accompanying materials, as identified by U.S. Copyright Registration No. PA 1-086-082, titled *Give 'em The Pickle*, which was registered April 26, 2002.

7.      Media Partners takes commercially prudent technological measures to
protect its copyrighted content from unauthorized copying. These measures include
the use of Macrovision® and a data encryption Content Scrambling System (CSS) on
its DVDs to provide analog and digital content protection.

### IV.  Wintzell's Infringing Activities

8.      Wintzell's acquired a copy of Media
Partners' *Give 'em the Pickle!* training video in VHS
format as a rental in May 2005, and as a licensed
product in June 2005. Wintzell's integrated the *Give
'em the Pickle!* training video into its company
training program developed between 2005 and into



2007 for use at all existing and new store locations. On or about October 4, 2007,
Wintzell's acquired a single licensed copy of the *Give 'em the Pickle!* training video
in DVD format. This one licensed version was a commercially produced DVD from
Media Partners having a label similar to as shown. The DVD included on its face a
specific copyright notice and warning:

> **DO NOT DUPLICATE. DUPLICATING IS STEALING. $5,000
> REWARD**
>
> **This program is protected by US and International copyright laws.
> Violating this copyright is a punishable crime. Broadcast, cablecast,
> closed circuit TV or Intranet is prohibited and is protected by our
> copyright.**

The opening screen of the DVD further includes Media Partner's express COPYRIGHT AND USE information, as follows:



9.      At the specific direction of President and COO Bob Omainsky, district manager Frank Hall and training director Julie Dailey, and despite the copyright notice and infringement warnings on the video packaging and in video content, between October 2007 and the present Wintzell's proceeded to intentionally and willfully make multiple copies of the *Give 'em the Pickle!* training video for use at each store location. In utter disregard for the clearly stated and well-understood





copyrights owned by Media Partners in the training video, Wintzell's approved circumventing the technological anti-piracy analog and digital content protection measures to produce copies on portable computers, DVDs and portable storage or "jump" drives. Pictures of two of the copies made by Wintzell's, one intended for the Pensacola store, are shown.

10.    Wintzell's has at all relevant times been aware of the copyrighted nature of Media Partners' materials. In addition to the clear notice of copyright ownership and warnings against infringement described above, Wintzell's was put on notice by its own employees that such copying was wrong, but company management ignored all such notices and warnings and engaged in repeated, blatant infringement.  By way of example, in authorizing multiple copies of the *Give 'em the Pickle!* training video, President Bob Omainsky stated that the company did not want to pay for the number of licensed copies that were required to service all store locations. District manager Frank Hall personally directed ripping a copy of the *Give 'em the Pickle!* training video onto a portable computer or other medium for use at Montgomery, Alabama and Mobile, Alabama stores. Training director Julie Dailey personally directed production of multiple copies and provided a "jump drive" or DVD copy of the *Give 'em the Pickle!* training video for use in Huntsville, Alabama and Pensacola, Florida stores. At all relevant times, Wintzell's top management personally engaged in, ordered or

had direct knowledge of the unauthorized copy, distribution and use of Media

Partner's *Give 'em the Pickle!* training video.

11.     After learning of Wintzell's wrongful actions, on October 20, 2011,

Media Partners demanded in writing that Wintzell's cease infringing Media Partners'

copyrights and take steps to remedy its extensive and willful copyright infringement

as provided for under applicable copyright law. To date, Wintzell's has refused to do

so.

12.     These acts of Wintzell's have caused and, unless restrained by this Court,

will continue to cause serious and irreparable harm to Media Partners. Moreover,

Wintzell's has and will continue to unjustly benefit—at Media Partners'

expense—from gains and profits derived from their infringement.

## V.   CAUSES OF ACTION

**COUNT I: COPYRIGHT INFRINGEMENT**

13.     Media Partners realleges the preceding paragraphs of this complaint.

14.     Media Partners is the sole owner of all right, title, and interest in and to

the copyright for the training video product titled *Give 'em the Pickle!* Media Partners

has secured the exclusive rights and privileges in and to the copyright for this video

product and accompanying materials, as identified by U.S. Copyright Registration

No. PA 1-086-082, titled *Give 'em The Pickle*, registered April 26, 2002.

15.     Wintzell's had access to Media Partners' copyrighted training video and materials based on its acquisition of one original video in DVD format. In utter disregard of Media Partners' copyrights, Wintzell's made multiple verbatim copies of the *Give 'em the Pickle!* training video and used them without license in the conduct of its business. Accordingly, Wintzell's infringed and continue to infringe Media Partners' copyrights in its training video and related materials. Wintzell's infringing activities were and are deliberate, knowing, willful, and malicious, and were designed to provide Wintzell's with an economic benefit at Media Partners' expense.

16.     Media Partners has sustained damages as a consequence of Wintzell's unauthorized copying, distribution and use.

17.     Wintzell's actions constitute copyright infringement in violation of 17 U.S.C. § 101 *et seq.*

**COUNT II: VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**

18.     Media Partners realleges the preceding paragraphs of this complaint.

19.     Media Partners' use of Macrovision® and CSS on its DVDs to provide analog and digital content protection constitute technological measures that effectively control access to Media Partners' *Give 'em the Pickle!* training video, which work is protected under the Copyright Act.

20.     Wintzell's knowingly, willfully and intentionally circumvented and caused to be circumvented the technological measures protecting the copyrighted content of Media Partners' *Give 'em the Pickle!* training video in making, without authorization, multiple verbatim copies of the training video.

21.     Media Partners has sustained damages as a consequence of Wintzell's acts of circumvention.

22.     Wintzell's actions constitute violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*

## VI.  PRAYER FOR RELIEF

WHEREFORE, Media Partners prays for the following alternative and cumulative relief:

1.     An order preliminarily and permanently enjoining Wintzell's and all persons in active concert or participation with any of them from copying, creating derivative works based on, using, performing, circumventing copyright protections or otherwise exercising any copyrights owned by Media Partners in its *Give 'em the Pickle!* training video and related materials.

2.     An order, as specifically provided by copyright and other applicable law, for seizure to recover, impound, and/or destroy all things infringing Media Partners' copyrighted materials or used to circumvent copyright protections, including any

video, written, or digitally maintained materials or circumvention devices Wintzell's

may possess or have under their control, or under the control of any of Wintzell's

respective officers, agents, servants, employees, attorneys, or any other person acting

in concert or participation with Wintzell's.

3.      An order requiring Wintzell's to file with this Court and serve on Media

Partners, within 30 days of this order, a report in writing under oath setting forth in

detail the manner and form in which Wintzell's have complied with the terms of the

ordered relief.

4.      Damages from Wintzell's in an amount sufficient to compensate Media

Partners for all injury sustained as a result of Wintzell's wrongful activities, including

wrongful profits of Wintzell's, as provided under applicable law.

5.      Exemplary damages from Wintzell's and all of Media Partner's litigation

expenses, including reasonable attorneys' fees and costs, as provided under applicable

law.

6.      An assessment of prejudgment interest and costs.

7.      Such other and further relief as the Court may deem just.

RESPECTFULLY SUBMITTED this 8th day of December, 2011.

s/ *William E. Pipkin*

William E. Pipkin, Jr.          (PIPKW5690)
AUSTILL LEWIS & PIPKIN PC
118 North Royal Street, Suite 508
Mobile, AL 36602
T: 251.431.9006
F: 251.431.0555
E: wpipkin@maplaw.com


David A. Lowe (*pro hac vice* to be filed)
LOWE GRAHAM JONES^PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Media Partners Corporation